OPINION
{¶ 1} Plaintiff-appellant C. Tucker Cope Associates, Inc. appeals from the December 6, 2004, Judgment Entry of the Stark County Court of Common Pleas which granted judgment in favor of third party defendant-appellee Michael Bair dba Bair Excavating in the amount of $15,390.00 and foreclosure on a mechanics lien.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This matter arose on April 2, 2004, when plaintiffs C. Tucker Cope Assoc., Inc. [hereinafter Cope] and WMMT Properties, Limited Partnership, filed a complaint for declaratory judgment, breach of contract, slander of title and common law indemnity in the Stark County Court of Common Pleas. The complaint named DA Trucking Excavating Company, Inc. [hereinafter DA] and David Bonamese (authorized agent of DA) as defendants. The complaint alleged that DA defaulted on a construction site work sub contract on a project known as the Terry's Tire Town Project, and a claim that DA had wrongfully placed a mechanic's lien on the subject property. WMMT Properties owned the property on which the Terry's Tire Town Project was being performed.
 {¶ 3} Subsequently, on May 24, 2004, defendants, as third party plaintiffs, filed a third party complaint in which it named Michael Bair dba Bair Excavating [hereinafter Bair] as third party defendant.[1] In the third party complaint, DA and Bonamese claimed Bair may claim some interest in the WMMT property on which DA had placed the mechanic's lien. DA requested that the Mechanic's Lien be found to be a valid lien against the property and a decree of foreclosure be issued.
 {¶ 4} On May 24, 2004, DA and Bonamese filed an answer and counterclaim. In their answer and counterclaim, DA and Bonamese alleged that they had fully performed the work required by contract and that Cope had committed breach of contract. DA and Bonamese claimed that Cope owed DA money upon account and under the theory of unjust enrichment. Further, DA sought foreclosure of the Mechanic's Lien it had placed on the subject property.
 {¶ 5} On June 8, 2004, third party defendant Bair filed an answer and counterclaim. Bair alleged that he had performed labor and services for the construction of a building on the WMMT property pursuant to a contract with Cope. According to Bair, Cope failed to pay for the work. Bair alleged that as result, Bair perfected a mechanic's lien upon the subject property. Bair sought payment from Cope for $14,850 for work completed on an hourly rate basis, $540 for excavating a footer and $2,160 for unspecified work on the property, pursuant to a contract for the work at a price of $24,000, totaling $17,550.
 {¶ 6} On August 20, 2004, Cope filed motions for summary judgment against DA, Bonamese and Bair. On September 15, 2004, the trial court issued a Judgment Entry in which it granted Cope's motion for summary judgment against defendants DA and Bonamese.[2] However, the trial court denied Cope's motion for summary judgment against Bair.
 {¶ 7} On October 6, 2004, the matter came before a Magistrate for trial. By this point, the only remaining issues concerned Cope and Bair. In a Magistrate's Decision issued October 28, 2004, the Magistrate recommended that a final judgment be entered in favor of Bair in the amount of $15,390 and that the mechanic's lien be foreclosed upon. In so recommending, the Magistrate found the following facts:
 {¶ 8} "On approximately August 24, 2003, Joe Schwinn contacted Bair to do tree clearing and removal at the WMMT Properties' Terri's [sic] Tire Town project in Alliance, Stark County, Ohio ("The Project").[3] Joe Schwinn . . . hired Bair to complete the clearing work for Twenty Four Thousand Dollars $24,000.00. Bair began work on the project, August 25, 2003. Schwinn returned on August 27, 2004, with a purchase order for Bair to do the work.[4] The acreage on the purchase order was inflated. Bair paid Schwinn Four Thousand Dollars after receipt of the purchase order. Bair finished its first contract with Cope on October 2, 2003.
 {¶ 9} "Bair began working on a second contract October 1, 2003. Schwinn asked Bair to perform some loading work on the WMMT project because DA was behind schedule. Around the time of the second contract, Michael Bair admitted in a taped conversation with Cope to paying Schwinn the $4,000.00. During the same conversation, Bair requested that he be paid on the first contract before beginning any new contracts for Cope. Cope paid $21,600.00 on the first contract. Bair began work assisting DA on the second contract. Schwinn insisted that Bair have DA sign for all work under the second contract, with the understanding that Cope would pay the invoices. Bair completed the second contract on October 21, 2003, and invoiced Cope a total of $14,850.00 on three separate invoices. A Notice of Furnishing was issued October 24, 2003, and a Mechanic's lien for work completed was filed on December 15, 2003.
 {¶ 10} "Bair entered into and completed a third contract on the WMMT project on October 13, 2003. Under the third contract, Bair dug a footer for the project and billed Cope $540.00.
 {¶ 11} "Bair has not been paid on the second and third contract.
 {¶ 12} "Cope terminated Joe Schwinn's employment in 2004.
 {¶ 13} "The Court denies all relief sought on the first contract. The Court leaves both parties in the position that they held prior to the suit being filed. Bair entered into an illegal contract that Cope subsequently attempted to ratify. Cope continued doing business with Bair and kept the purchasing manager in place. Both parties have entered the court with unclean hands and therefore the court leaves the parties in the same position they held prior to this action.
 {¶ 14} "Cope entered into the loading contract with Bair in order to meet schedule deadlines not being met by DA. DA was used to verify the portion of DA's contract performed by Bair so that DA would not be paid twice. Bair was not performing work for DA. DA was not performing pursuant to their agreement with Cope. Cope contracted with Bair to bring the project back on schedule. Judgment for Bair in the amount of Fourteen Thousand Eight Hundred Fifty Dollars ($14,850.00).
 {¶ 15} "Cope agrees that Bair completed the footer contract for Cope. Judgment for Bair in the amount of Five Hundred Forty Dollars ($540.00).
 {¶ 16} "Final Judgment for Bair in the amount Fifteen Thousand Three Hundred Ninety Dollars ($15390.00) and foreclosure on the Mechanic's lien. . . ." October 28, 2004, Magistrate's Decision.
 {¶ 17} On November 2, 2004, Cope filed objections to the Magistrate's Decision. Several of the objections concerned the $4,000 payment from Bair to Schwinn which Cope characterized as an illegal kickback.
 {¶ 18} The docket shows no immediate action on the objections by the trial court. However, on November 30, 2004, the Magistrate issued another Decision. In that Decision, the Magistrate found as follows:
 {¶ 19} "This matter came before the magistrate on remand for additional findings of fact.
 {¶ 20} "The court finds that 4.5 acres of "trees" were removed from the WMMT project. There was an additional 2 or more acres of trees pushed up into the acreage that had to be cleared. The job was bid to encompass the additional work to remove all of the tangle of trees. The defendant cleared additional land on the project as requested by Cope. The purchase order was prepared after the parties' agreement on the Dollar amount and after work had begun. Therefore the court finds the price quoted and agreed to by the parties was a fair and reasonable price for the work done. There is/was no finding of a kickback. The employee in this matter had obtained thousands of dollars from both plaintiff and defendant in this matter. The defendant disclosed the payment. The plaintiff disclosed similar payments to the employee. Both parties talked and tried to reconcile why their friend, the employee, needed all of the additional funds. The parties continued their relationship with each other and the employee throughout the contracting period.
 {¶ 21} "Judgment remains as previously set forth." Nov. 30, 2004, Magistrate's Decision.
 {¶ 22} On December 2, 2004, Cope filed objections to the Magistrate's Decision of November 30, 2004. On December 6, 2004, the trial court issued a decision, in which it stated that it had reviewed the objections to the "Magistrate's Decision" and the court overruled the objections and affirmed the "Magistrate's Decision." The trial court stated that the "decision of the Magistrate" would become the order of the court. Thus, the trial court referred to a single Magistrate Decision and did not identify which Decision to which it was referring.
 {¶ 23} It is from the December 6, 2004, Judgment Entry that the appellant Cope appeals, raising the following assignments of error:
 {¶ 24} "I. IT WAS ERROR AS A MATTER OF LAW FOR THE MAGISTRATE TO ISSUE, AND THE TRIAL COURT TO ADOPT, THE OCTOBER 28, 2004 DECISION DENYING APPELLANT C. TUCKER COPE ASSOCIATES, INC. ("C.T. COPE") RETURN OF THE $21,600 PAID TO APPELLEE MICHAEL BAIR ("BAIR") ON THE ILLEGAL CLEARING CONTRACT ON THE BASIS THAT C.T. COPE HAD "UNCLEAN HANDS" OR ATTEMPTED TO "RATIFY" THE ILLEGAL CONTRACT.
 {¶ 25} "II. IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE FOR THE MAGISTRATE TO FIND, AND THE TRIAL COURT TO ADOPT, IN THE OCTOBER 28, 2004 DECISION THAT C.T. COPE CONTRACTED DIRECTLY WITH BAIR ON THE LOADING CONTRACT.
 {¶ 26} "III. IT WAS ERROR AS A MATTER OF LAW FOR THE MAGISTRATE TO ISSUE, AND THE TRIAL COURT TO ADOPT, THE OCTOBER 28, 2004 DECISION GRANTING BAIR FORECLOSURE OF THE MECHANIC'S LIEN ON THE LOADING CONTRACT.
 {¶ 27} "IV. IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE FOR THE MAGISTRATE TO FIND, AND THE TRIAL COURT TO ADOPT, IN THE NOVEMBER 30, 2004 DECISION THAT: (A) 4.5 ACRES OF TREES WERE REMOVED FROM THE PROJECT UNDER THE CLEARING CONTRACT, (B) $21,600 WAS A `FAIR AND REASONABLE PRICE FOR THE WORK DONE' UNDER THE ILLEGAL CLEARING CONTRACT, AND (C) THERE WAS NO KICKBACK PAID BY BAIR.
 {¶ 28} "V. IT WAS ERROR AS A MATTER OF LAW FOR THE MAGISTRATE TO ADMIT, AND THE TRIAL COURT TO ADOPT, THE EXPERT TESTIMONY OF JOHN FORAKER REGARDING THE `REASONABLE' VALUE OF THE CLEARING WORK."
 {¶ 29} "VI. IT WAS ERROR AS A MATTER OF LAW FOR THE TRIAL COURT TO ADOPT THE NOVEMBER 30, 2004 MAGISTRATE'S DECISION WHERE THE MAGISTRATE'S ADDITIONAL `FINDINGS OF FACT' DIRECTLY CONTRADICTED THE FINDINGS OF FACT IN THE MAGISTRATE'S ORIGINAL DECISION.
 {¶ 30} First, we note that appellant did not provide the trial court with a transcript of the proceedings when it filed its objections to the Magistrate's Decisions. Civ.R. 53(E)(3) states as follows, in pertinent part: "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. . . . A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ. R. Rule 53(E)(3)(c)(d).
 {¶ 31} In accordance with Civ.R. 53, a party cannot challenge the factual findings contained within a magistrate's decision on appeal unless such party submits the required transcript or affidavit to the trial court. Thus, to the extent that appellant challenges any findings of fact, appellant is precluded from arguing any factual determinations on appeal, and has waived any claim that the trial court erred in adopting the magistrate's findings. However, although appellant cannot challenge issues of fact, appellant may nonetheless challenge issues of law in conjunction with the magistrate's findings. Allen v. Allen
(Jun. 26, 1998), Trumbull App. No. 97-T-0114. Accordingly, appellate review in such circumstances is limited to a determination of whether the trial court's application of the law to the factual findings constituted an abuse of discretion.State ex rel. Duncan, 73 Ohio St.3d 728, 1995-Ohio-272,654 N.E.2d 1254.
 {¶ 32} A review of the record indicates that appellant failed, in the trial court, to accompany its objections to the magistrate's decision with a transcript as required by Civ.R. 53(E)(3)(b). Furthermore, because appellant failed to provide a transcript as required by Civ.R. 53(E)(3)(b), it cannot now challenge the trial court's adoption of any of the magistrate's findings of fact. Although appellant provided a transcript of the hearing before the magistrate with the record on appeal to this court, this court cannot consider that transcript. State ex rel.Duncan v. Chippewa Twp. Trustees, supra at 730. Thus, the issues raised in this appeal in regard to the trial court's legal conclusions will be addressed to the extent they may be resolved without the transcript.
 II, III, IV and V {¶ 33} Assignments of error II, III, IV and V present manifest weight of the evidence arguments. Admittedly, assignments of error III and V are phrased as legal arguments. However, a review of the arguments presented in those assignments of error reveal that the arguments require a review of the transcript to resolve the issues.
 {¶ 34} In assignment of error III, Cope argues that it was error as a matter of law for the trial court to grant Bair foreclosure of the mechanics lien on the loading contract. While Cope contends that the mechanics lien did not comply with the statutory requirements for such liens, Cope does so based upon the factual argument that the lien incorrectly states that the contract work was performed pursuant to a contract with Cope. Appellant contends that the work was performed pursuant to a contract with D A. However, the Magistrate found that the work was performed pursuant to a contract with Cope. Thus, assignment of error III raises a factual issue as to whether the trial court was correct when it found the contract was with Cope and that issue cannot be resolved without reference to the transcript.
 {¶ 35} Likewise, assignment of error V is phrased as a legal argument. However, a review of the arguments presented in that assignment of error also reveal that appellant's arguments require a review of the transcript. Specifically, appellant contends that it was error for the Magistrate to admit and the trial court to adopt the expert testimony of John Foraker regarding the reasonable value of the clearing work because of certain admissions by Foraker on cross examination. This issue cannot be resolved without reference to the transcript.
 {¶ 36} Thus, because appellant failed to provide a transcript of the proceedings held before the Magistrate with its objections in the trial court, these assignments of error are precluded. Accordingly, assignments of error II, III, IV and V are overruled.
 VI {¶ 37} In the sixth assignment of error, appellant contends that it was error as a matter of law for the trial court to adopt the November 30, 2004 Magistrate's Decision where "the additional findings of fact" in that Decision directly contradicted the findings of fact in the original, October 28, 2004, Magistrate's Decision. We disagree.
 {¶ 38} Admittedly, the two Magistrate's Decisions conflict on several key points. However, when these Decisions are read together, the only sensible conclusion is that the second Decision amends the first Decision. Thus, to the extent that there is a conflict between findings of fact, the second findings of fact replaces the first findings of fact.
 {¶ 39} Accordingly, we find that the trial court did not err when it adopted the November 30, 2004, Magistrate's Decision.
 {¶ 40} Appellant's sixth assignment of error is overruled.
 I {¶ 41} In the first assignment of error, appellant contends that it was error as a matter of law for the trial court to adopt the October 28, 2004, Magistrate's Decision which denied appellant return of the $21,600 paid to appellee on the clearing contract on the basis that appellant had unclean hands. However, as discussed in assignment of error VI, the October 28, 2004 Magistrate's Decision, was in effect, amended by the November 30, 2004 Magistrate's Decision. The challenged finding was amended prior to the trial court's adoption of the Magistrate's Decision.
 {¶ 42} In the November 30, 2004 Magistrate's Decision, the Magistrate found that the price quoted and agreed upon was a fair and reasonable price for the work Bair performed on the clearing contract. In addition, the trial court amended its prior decision to find that the acreage of trees to be removed was correctly stated in the purchase order for this contract and that "[t]here is/was no finding of a kick back." In effect, the Magistrate then concluded that appellant was not entitled to the return of the $21,600 appellant had paid to appellee for the work done. This was the ultimate decision adopted by the trial court.
 {¶ 43} Therefore, as this court understands the trial court's ultimate decision, there was no finding of unclean hands. Accordingly, we find appellant's argument that the trial court erred as a matter of law when it denied appellant the return of $21,600 paid to appellee because appellant had unclean hands is moot.
 {¶ 44} Appellant's first assignment of error is overruled.
 {¶ 45} The judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Boggins, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The third party complaint named the additional third party defendants who are not involved in this appeal: Terry's Tire Town, Inc., First Merit Bank, Earth Shuttle, Inc., and Gary D. Zeigler (Stark County Treasurer). DA and Bonamese claimed these parties may also claim some interest in the WMMT property on which DA had placed the mechanic's lien.
[2] In the September 15, 2004, Judgment Entry, the trial court also noted the claims regarding third party defendant Earth Shuttle had also been settled. On October 5, 2004, the trial court issued a Judgment Entry in which it stated that having granted Cope's motion for summary judgment against defendant DA, the mechanic's lien filed by DA on January 13, 2004, was "declared invalid and rendered void and that the Property upon which the . . . DA lien . . . was sought to be imposed is wholly discharged therefrom and that the Property shall be free and clear of the DA lien."
[3] Joe Schwinn was Cope's purchasing and construction manager.
[4] The purchase order indicated 4.5 acres of trees were involved.